IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| NATHAN J. KOLBERG, ) | |
| JESSICA A. KOLBERG, ) | Bankruptcy No. 12-01857 |
| ) | |
| Debtors. ) | |

**ORDER RE: U.S. TRUSTEE'S MOTION FOR SANCTIONS
PURSUANT TO 11 U.S.C. § 110**

This matter came before the undersigned for hearing on February 27 and March 7, 2013. Debtor Jessica A. Kolberg appeared without counsel. Attorney John Schmillen represented the U.S. Trustee. Amanda B. Mortl appeared on her own behalf. After the presentation of evidence and argument, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

U.S. Trustee seeks sanctions against petition preparer, Amanda B. Mortl, for improperly providing legal advice to Debtors regarding exemptions and disclosure of personal property. She also improperly advertised that she provided legal services. Debtor Jessica Kolberg testified about the advice she received from Ms. Mortl regarding preparing the bankruptcy petition, schedules and statements. At this point, Debtors wish to dismiss their petition because they have reached an agreement with a major creditor, and because of the poor condition of the bankruptcy petition. Debtors paid Ms. Mortl $150.00 for her services in preparing the petition.

Ms. Mortl admitted that in retrospect she went too far in advising Debtors. She has discontinued advertising legal services and preparing bankruptcy petitions.

She testified that she does not plan to prepare bankruptcy petitions in the future and she apologized for any difficulties she caused.

At the hearing, the Court discussed § 110 and the limits it puts on bankruptcy petition preparers. That section allows petition preparers to provide the limited service of typing bankruptcy petitions. In re Woodward, 314 B.R. 201, 205 (Bankr. N.D. Iowa 2004). Petition preparers may not advise debtors of their rights and options or otherwise engage in the practice of law. Id.; Iowa Supreme Court Comm'n v. Sturgeon, 635 N.W.2d 679, 685 (Iowa 2001) (finding bankruptcy petition preparer's services went far beyond the role of a scrivener and constituted unauthorized practice of law). "A bankruptcy petition preparer who engages in the unauthorized practice of law is not entitled to retain any fees for services." In re Delgado, No. 04–03283, 2005 WL 758809, at *10 (Bankr. N.D. Iowa Apr. 1, 2005). Likewise, if a petition preparer's services harm the debtor or accomplish little benefit, the services have no value and no fees should be allowed. Woodward, 314 B.R. at 205-06.

The Court finds that Ms. Mortl improperly provided Debtors with legal advice when she prepared their bankruptcy petition and schedules. Based on these facts, Ms. Mortl must refund to Debtors the $150.00 fee she received for her services. As Ms. Mortl has discontinued advertising and represents that she will not pursue future bankruptcy petition preparation, no further sanctions will be imposed.

**WHEREFORE**, the U.S. Trustee's Motion for Sanctions Pursuant to § 110 is GRANTED.

**FURTHER**, Amanda B. Mortl is ordered to refund to Debtors $150.00 by check payable to Debtors mailed to John Schmillen, attorney for the U.S. Trustee, no later than March 15, 2013.

**FURTHER**, judgment shall enter accordingly.

**FURTHER**, when the funds are received, Attorney Schmillen is directed to notify the Court, after which this case will be dismissed without further notice or hearing.

Dated and Entered:

March 8, 2013

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE